**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:15-CV-00546-TWT |
| | ) | |
| MARTIN L. SILBIGER, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMERICAN TITLE INSURANCE COMPANY'S**
**MOTION IN LIMINE**

COMES NOW, FIRST AMERICAN TITLE INSURANCE COMPANY ("FATIC" or "First American"), Plaintiff in the above-styled civil action and Defendant in the trial of this case, by and through counsel, and respectfully moves the Court to issue an Order prohibiting the proffer by Martin L. Silbiger ("Dr. Silbiger"), Defendant in the above-styled action and Plaintiff in the trial of this case, of any testimony with respect to (i) the definition of actual loss under an owner's title insurance policy, (ii) his personal opinion as to the value of the Property at issue in this litigation, and/or (iii) any loss of value of the Property at issue in this litigation. Likewise, First American moves that Dr. Silbiger be

1

prohibited from making any reference to any reason for this prohibition in any argument(s) or statement(s) made before the Jury. In support of this Motion, and as grounds therefore, First American respectfully shows this honorable Court the following:

### A. Standard for a Motion in Limine.

The admissibility of evidence lies in the trial court's discretion." Toler v. Ga. DOT, 761 S.E.2d 550, 552 (Ga. Ct. App. 2014). (Citations omitted). Thus, the granting or denial of a motion in limine falls within the discretion of the Court. *See, e.g.,* Pulte Home Corp. v. Simerly, 746 S.E.2d 173, 176 (Ga. Ct. App. 2013). "The purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case." GEICO v. Kralick, 722 S.E.2d 107, 108 (Ga. Ct. App. 2012).

 "A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." Powers v. Southern Family Mkts. of Eastman, LLC, 740 S.E.2d 214, 217 (Ga. Ct. App. 2013); *accord* Cartledge v. Montano, 750 S.E.2d 772, 775 (Ga. Ct. App. 2013). All relevant evidence shall be admissible, except as limited by constitutional

requirements or as otherwise provided by law or by other rules, as prescribed pursuant to constitutional or statutory authority, applicable in the court in which the matter is pending. Evidence which is not relevant shall not be admissible O.C.G.A. § 24-4-402. "'[R]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." O.C.G.A. § 24-4-401. "Evidence must relate to the question being tried by the jury and bear upon it either directly or indirectly…, and where there is doubt as to the admissibility of evidence that doubt should be resolved in favor of its admissibility and its weight and effect left for the determination of the jury... [W]here the admissibility of evidence is doubtful the burden is on the objecting party to show wherein it is inadmissible." Smith v. Morning News, Inc., 109 S.E.2d 639 (Ga. Ct. App. 1959) (citations and punctuation omitted); *accord* Vinson v. E.W. Buschman Co., 323 S.E.2d 204, 207 (Ga. Ct. App. 1984) ("[q]uestions of relevancy and admissibility are for the Court... The Georgia rule concerning admissibility of evidence which is challenged on grounds of relevancy is that it be admitted, and its weight be determined by the jury."); Calhoun v. Branan, 253 S.E.2d 838, 839 (Ga. Ct. App. 1979). Nevertheless, "[r]elevant evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." O.C.G.A. § 24-4-403; *see also* Vaughan v. ACCC Ins. Co., 725 S.E.2d 855, 859-860 (Ga. Ct. App. 2012).

**B.     Dr. Silbiger Cannot Testify as to Diminution in Value.**

A title insurance policy is a contract between the insured and insurer. Thus, the construction of an insurance contract is a matter of law. When construing an insurance policy, not unlike any contract, one must ascertain the intent of the parties. The Court must look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy.  R.M. Kids vs. Old Republic, 788 S.E.2d 542 (Ga. 2016).

One who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy and then proving a loss. Inland Rivers Service Corp. v. Hartford Fire Ins. Co., 66 Ohio St.2d 32, 20 O.O.3d 20, 418 N.E.2d 1381 (1981). The policy refers to the insured's "actual loss" when discussing the company's extent of liability. The word "actual" means something that exists in fact or reality.  "Actual" is not merely possible, but real. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1986) 22. Therefore, based

on the language used in the policy, the parties intended for an insured's loss, caused by matters insured against by the policy, to be a real loss, one based on fact, not speculation or possibility.

Here, Dr. Silbiger can only testify as to his actual out of pocket expenses. Any other testimony in relation to a diminution of value of the Property is based on speculation and conjecture. Given that "actual loss" can only mean, at its purest form, a real loss which has already occurred, there is no legal avenue to permit Dr. Silbiger to present evidence as to diminution in value of the Property at issue in this case. To permit the same would be prejudicial to First American and will confuse and mislead the Jury.

**C.     Any Testimony Regarding Loss of Value is Purely Speculative.**

It is well settled under Georgia law that

"[t]he question of damages cannot be left to speculation, conjecture and guesswork."  Where a party sues for damages he has the burden of proof of showing the amount of loss in a manner in which the jury or the trial judge in non-jury cases can calculate the amount of the loss with a reasonable degree of certainty.  (Citations omitted).

Hayes v. Flaum, 287 S.E.2d 512 (Ga. Ct. App. 1976); *see also* Schill v. A.G. Spanos Dev., Inc., 457 S.E.2d 204, 205 (Ga. Ct. App.1995). First American submits that the record in this case contains insufficient evidence for any party to

calculate the amount of Dr. Silbiger's alleged loss or damages, albeit speculative, with a reasonable degree of certainty within the meaning of Hayes, *supra*. Rather, the limited evidence here shows the purely speculative nature of the damages Dr. Silbiger seeks to extract from First American, and Dr. Silbiger has identified no actual, direct damages for which he holds First American responsible. The simple fact is Dr. Silbiger is unable to quantify his alleged damages.

Georgia courts have held that legal causation and damage are essential elements of a plaintiff's claim. *See* Graham Bros.' Constr. Co. v. C. W. Matthews Contracting, 284 S.E.2d 282 (Ga. Ct. App. 1981). Remote or speculative damage, such as that averred and sought here, affords no basis for recovery in contract or tort. O.C.G.A. §§ 13-6-8, 51-12-8, 51-12-9. "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to the cause, rather than uncertainty as to the measure or extent of the damages." Hixson-Hopkins Autoplex, Inc. v. Custom Coaches, 432 S.E.2d 224, 225 (Ga. Ct. App. 1993). Thus, "the losses must be directly traceable to the acts of the other party." Id. Here, as in Hixson, Dr. Silbiger is unable to show that First American's actions or omissions caused the alleged damage.

Further, there is insufficient evidence here to allow for the formulation of damages. <u>Silco, Inc. v. Gwinnett County Hospital Auth.</u>, 260 S.E.2d 758 (Ga. Ct. App. 1979) (Directed verdict in favor of the defendant where damages had not been established with reasonable certainty). Where, as here, "a party makes a claim for a monetary sum, it is incumbent upon him to present evidence showing the amount of loss in a manner in which a jury can calculate the amount of loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork." <u>Lingo v. Kirby</u>, 236 S.E.2d 26 (Ga. Ct. App. 1977).

Based on the lack of competent evidence of damages in this action, First American submits that this Court must conclude that Dr. Silbiger has presented "no facts upon which to speculate either that a loss occurred or if so what its extent might be; therefore, the mere breach without monetary proof is *injuria absque damno*". <u>Silco</u>, *supra*. Any testimony proffered by Dr. Silbiger at trial would be purely speculative and should be prohibited.

Dated: January 30, 2018.

Respectfully submitted,

/s/ Monica K. Gilroy
MONICA K. GILROY
monica.gilroy@gilroyfirm.com
Georgia Bar No. 420527
KELSEA L. S. LAUN
kelsea.laun@gilroyfirm.com
Georgia Bar No. 141960
**Attorneys for First American Title
Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923

## <u>FONT CERTIFICATION</u>

The undersigned counsel for Plaintiff First American Title Insurance Company certifies that the within and foregoing Motion in Limine was prepared using Times New Roman 14-point font in accordance with LR 5.1C (N.D. Ga.).

This 30th day of January, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:15-CV-00546-TWT |
| | ) | |
| MARTIN L. SILBIGER, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with LR 5.1A (N.D. Ga.), I have this date electronically filed the within and foregoing **MOTION IN LIMINE** in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

> Paul W. Burke, Esq.
> BurkeP@deflaw.com
> DREW ECKL FARNHAM
> 235 Peachtree Street NE
> Suite 1900
> Atlanta, Georgia 30303
> *Counsel for Defendant Martin L. Silbiger*

10

This 30th day of January, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for First American Title
Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com

11