# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION FILE<br>) |
| v. | ) NO. 1:15-CV-00546-TWT<br>) |
| MARTIN L. SILBIGER, | )<br>) |
| Defendant. | ) |

## FIRST AMERICAN TITLE INSURANCE COMPANY'S
## SECOND MOTION IN LIMINE

COMES NOW, FIRST AMERICAN TITLE INSURANCE COMPANY ("FATIC" or "First American"), Plaintiff in the above-styled civil action and Defendant in the trial of this case, by and through counsel, and respectfully moves the Court to issue an Order prohibiting Martin L. Silbiger ("Dr. Silbiger"), Defendant in the above-styled action and Plaintiff in the trial of this case, and/or any of his witness(es) in his case in chief, from presenting any evidence, documentation or testimony of damage(s) incurred, or any actual loss(es) incurred, due to the collapse of the Vault on the Silbiger Property and be limited to the only actual losses which relate to bringing the Vault into compliance with the preexisting Indemnity Agreement between the Property and the City of Atlanta.

1

Likewise, First American moves that Dr. Silbiger, his counsel and his witness(es), be prohibited from making any reference to any reason for this prohibition in any argument(s) or statement(s) made before the Jury. In support of this Motion, and as grounds therefore, First American respectfully shows this honorable Court the following:

**A.     Standard for a Motion in Limine.**

The admissibility of evidence lies in the trial court's discretion." Toler v. Ga. DOT, 761 S.E.2d 550, 552 (Ga. Ct. App. 2014) (Citations omitted). Thus, the granting or denial of a motion in limine falls within the discretion of the Court. *See, e.g.,* Pulte Home Corp. v. Simerly, 746 S.E.2d 173, 176 (Ga. Ct. App. 2013). "The purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case." GEICO v. Kralick, 722 S.E.2d 107, 108 (Ga. Ct. App. 2012).

"A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." Powers v. Southern Family Mkts. of Eastman, LLC, 740 S.E.2d 214, 217 (Ga. Ct. App. 2013); *accord* Cartledge v. Montano, 750 S.E.2d 772, 775 (Ga. Ct. App. 2013). All relevant evidence shall be admissible, except as limited by constitutional

requirements or as otherwise provided by law or by other rules, as prescribed pursuant to constitutional or statutory authority, applicable in the court in which the matter is pending. Evidence which is not relevant shall not be admissible. O.C.G.A. § 24-4-402. "'[R]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." O.C.G.A. § 24-4-401. "Evidence must relate to the question being tried by the jury and bear upon it either directly or indirectly…, and where there is doubt as to the admissibility of evidence that doubt should be resolved in favor of its admissibility and its weight and effect left for the determination of the jury... [W]here the admissibility of evidence is doubtful the burden is on the objecting party to show wherein it is inadmissible." Smith v. Morning News, Inc., 109 S.E.2d 639, 641 (Ga. Ct. App. 1959) (citations and punctuation omitted); *accord* Vinson v. E.W. Buschman Co., 323 S.E.2d 204, 207 (Ga. Ct. App. 1984) ("[q]uestions of relevancy and admissibility are for the Court.... The Georgia rule concerning admissibility of evidence which is challenged on grounds of relevancy is that it be admitted, and its weight be determined by the jury."); Calhoun v. Branan, 253 S.E.2d 838, 839 (Ga. Ct. App. 1979). Nevertheless, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

3

prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." O.C.G.A. § 24-4-403; *see also* Vaughan v. ACCC Ins. Co., 725 S.E.2d 855, 859-860 (Ga. Ct. App. 2012).

**B.     Damages are Limited by the Language of the Title Insurance Policy.**

A title insurance policy is a contract between the insured and insurer. Thus, the construction of an insurance contract is a matter of law. When construing an insurance policy, not unlike any contract, one must ascertain the intent of the parties. The Court must look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. R.M. Kids v. Old Republic, 788 S.E.2d 542 (Ga. Ct. App. 2016).

One who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy and then proving a loss. Inland Rivers Service Corp. v. Hartford Fire Ins. Co., 66 Ohio St.2d 32, 20 O.O.3d 20, 418 N.E.2d 1381 (1981). The policy refers to the insured's "actual loss" when discussing the company's extent of liability. The word "actual" means something that exists in fact or reality. "Actual" is not merely possible, but real. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1986) 22. Therefore, based on the language used in the policy, the parties intended for an insured's loss,

caused by matters insured against by the policy, to be a real loss, one based on fact, not speculation or possibility.

Dr. Silbiger should be prevented from presenting any evidence, either documentary or via testimony, of damage(s) incurred or any actual loss(es) incurred, due to the collapse of the Vault on the Silbiger Property. Dr. Silbiger is improperly attempting to expand the scope of the damages he can lawfully claim by attempting to present evidence and testimony of damages and actual losses incurred due the collapse of the Vault. For example, although the Vault collapse occurred in 2014, Dr. Silbiger is claiming damages well into 2016, including extensive and expensive damages for landscaping. Under the clear and unambiguous terms of the contract [the title insurance policy], at Covered Risk 12, the only actual losses which are compensable are those which relate to bringing the Vault into compliance with the preexisting Indemnity Agreement between the Property and the City of Atlanta. It is imperative that the Jury not be confused with the language of the title insurance policy, which speaks to bringing the Vault into compliance with the covenant, versus damages in general caused by the collapse of the Vault.

In this Court's Order on First American's Motion for Summary Judgment [Doc. 67] (the "Summary Judgment Order" or the "Order"), the collapse of the

Vault itself, the Court held, was not a violation of the Indemnification Agreement filed of record in Fulton County. Here, the damages must be limited by the clear and unambiguous language of the title policy itself. The title insurance policy only permits the recovery of damages incurred by the Silbigers relating to the cost to bring the Vault into compliance with the covenant. Dr. Silbiger should be instructed to limit his damages by providing evidence only as to the actual cost to bring the Vault into compliance with the Indemnification Agreement.

This Court's Summary Judgment Order, which has framed the issues for the case at trial, provides for the payment of "actual loss" incurred due to bringing the Vault into compliance with the covenant, i.e. the Indemnification Agreement. Specifically, the Order states:

> Under Schedule B of the insurance policy, damages that result by reason of a recorded covenant are explicitly exempt from coverage. The Indemnity Agreement by its own terms is a covenant that runs with the land, and as such any damages that resulted from its violation would be exempt from coverage. However, the contract language also states that nothing in Schedule B "impair[s] the coverage afforded under Paragraphs 12, 13, 20, 21 and 23 of Covered Risks. Under Covered Risk No. 12, which is the only paragraph relevant in this case, the Silbigers are covered anytime they are "required to correct or remove an existing violation of any covenant, condition or restriction affecting the Land."

Order, p. 4.

Thus, the pertinent questions in the trial of this case are whether there was a violation existing before the Policy was issued, and whether the Silbigers were required to correct it. Damages must be limited to only those actual sums spent to correct any violation of the covenant, if any.

As to the violation, this Court found *the faulty construction* of the Vault was the violation under the indemnification agreement, <u>not the collapse</u>. Specifically, the Court stated,

> The Collapse was not the violation of the Indemnity Agreement, but rather the faulty construction. As stated above, the Vault was not constructed according to the plans that were attached to the Indemnity Agreement and that were the basis for the approval of the building permit. The risers which were supposed to allow the manhole covers to reach the surface and to allow access to the Vault for maintenance were never put in. This violation of the Indemnity Agreement existed well before the Silbigers ever bought the Property, and as a result, the Silbigers were never aware of nor able to fulfill their duties under the Indemnity Agreement.

Order, p. 8.

Accordingly, the evidence at trial should be limited to the actual costs incurred by Dr. Silbiger to bring the Vault into compliance. The terms of the Summary Judgment Order also preclude any testimony which relates to a diminution in value. *See* First American's Motion in Limine filed January 30, 2018. [Doc. 101]. There cannot be any diminution in value damage under the Policy as the Policy only covers the costs of bringing the Vault into compliance. If

anything, by bringing the Vault compliant, there is an improvement in value to the Property, and certainly not a diminution.

Accordingly, First American respectfully submits and requests that this Court should limit all testimony on damages to only that of the amounts actually and reasonably incurred by Dr. Silbiger to bring the Vault into compliance with the Covenant, specifically excluding damages alleged due to the broader question of damages incurred due to the collapse of the Vault.

Dated: February 13, 2018.

>Respectfully submitted,
>
>/s/ Monica K. Gilroy
>MONICA K. GILROY
>monica.gilroy@gilroyfirm.com
>Georgia Bar No. 420527
>KELSEA L. S. LAUN
>kelsea.laun@gilroyfirm.com
>Georgia Bar No. 141960
>**Attorneys for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923

## FONT CERTIFICATION

The undersigned counsel for Plaintiff First American Title Insurance Company certifies that the within and foregoing Second Motion in Limine was prepared using Times New Roman 14-point font in accordance with LR 5.1C (N.D. Ga.).

This 13th day of February, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE ) |
| v. | ) NO. 1:15-CV-00546-TWT ) |
| MARTIN L. SILBIGER, | ) ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with LR 5.1A (N.D. Ga.), I have this date electronically filed the within and foregoing **FIRST AMERICAN TITLE INSURANCE COMPANY'S SECOND MOTION IN LIMINE** in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

> Paul W. Burke, Esq.
> BurkeP@deflaw.com
> DREW ECKL FARNHAM
> 235 Peachtree Street NE
> Suite 1900
> Atlanta, Georgia 30303
> *Counsel for Defendant Martin L. Silbiger*

This 13th day of February, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com