IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:15-cv-00546TWT |
| MARTIN L. SILBIGER | ) ) | |
| Defendant/Counter-Plaintiff | ) | |

**DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

COMES NOW the Defendant/Counter-Plaintiff in the above-styled matter, and files its response to First American Title Insurance Company's (FATIC's) Motion in Limine, showing the court as follows:

**Introduction**

FATIC has filed a Motion in Limine to prevent the defendant from testifying as to the diminution in value of the property that is the subject of this lawsuit. FATIC's argument has two components. The first is their claim that diminution in value is not an actual loss and is, therefore, not covered under the policy. The second is that, even if diminution in value exists as a form of actual damage and is covered, it would be too speculative. Neither argument supports the granting of a

Motion in Limine by the Court.

## **The FATIC Policy Covers Diminution in Value to the Property that is the subject of the Policy**

FATIC argues in its brief that the policy only covers the "actual loss." Since the policy, significantly, does not define what is meant by the phrase, "actual loss," FATIC turns in its argument to one of the definitions found in Webster's Dictionary to state that "actual" means something that "exists in fact or reality." FATIC then argues that diminution in value is something that does not exist in fact or reality and, as such, is not covered under their policy.

Unfortunately for FATIC, Georgia law is clear that diminution in value is something that does, in fact, exist in fact and reality. Further, Georgia law is also clear that an insurer of losses to property in Georgia does, in fact insure the diminution in value to that property.

As explained in *Royal Capital Development, LLC v. Maryland Casualty Company,* 291 Ga. 262, 728 S.E.2d 234 (2012);

> This Court has consistently held that the measure of damages in such cases is intended to place an injured party, as nearly as possible, in the same position it would have been if the injury had never occurred. *John Thurmond & Assoc. v. Kennedy,* 284 Ga. 469, 668S.E. 666 (2008) See *BDO Seidman v.*

*Mindis Acquisition Corp.,* 276 Ga. 311(1), 578 S.E.2d 400 (2003); *Redman Dev. Corp. v. Piedmont Heating, etc.,* 128 Ga.App. 447, 197 S.E.2d 167 (1973). Moreover, this Court has long considered diminution in value to be an element in determining the proper measure of damages to real property. See *Thurmond,* 284 Ga. At 470, 668 S.E.2d 666: see *Harrison v. Kiser,* 79 Ga. 588, 4 S.E. 320 (1887); *Mercer v. J & M Transp. Co.,* 103 Ga.App. 141, 118 S.E.2d 716 (1961) (measuring damages by diminution in value where restoration would require construction of entirely new home). In applying these principles, this Court has recognized that under Georgia law, cost of repair and diminution in value can be alternative, although often interchangeable, measures of damages with respect to real property. *Thurmond,* 284 Ga. At 471, 668 S.E,2d 666; *Ray v. Strawsma,* 183 Ga.App. 622, 623, 359 S.E.2d 376 (1987). More to the point in this case, in *Thurmond* we observed:

> Although unusual, it may sometimes be appropriate, in order to make the injured party whole, to award a combination of both measures of damages. In such cases, notwithstanding remedial measures undertaken by the injured party, there remains a diminution in value of the property, and an award of only the costs of remedying the defects will not fully compensate the injured

party. [Cit.]

> *Thurmond,* 284 Ga. At 471, n.2, 668 S.E.2d 666. Based on well-established precedent authorizing full recovery, including in some circumstances both diminution in value and cost of repair, we thus reject Maryland Casualty's contention that the contract at issue did not include coverage for post-repair diminution in value as no insurer or insured had reason to expect such coverage under a standard real property insurance policy.

*Royal Capital,* 291 Ga. at 264, 265, 728 S.E.2d at 236, 237.

The *Royal Capital* case clearly addresses the two critical issues raised by FATIC in the first part of their argument. In Georgia, diminution in value damages do exist and are real and, further, they are covered by an insurer of real property.

## An Owner of Property Can Present Testimony as to Diminution In Value

It has been clearly established under Georgia law that an owner of real property is competent to testify as to the value of his/her own property and the diminution in value of his/her own property. As explained in *Iffland v. Lancaster,* 176 Ga. App. 449, 336 S.E. 2d 350 (1985):

> It is well settled that a property owner need not be an expert to state an

opinion as to the value of his property, provided he can establish that he has had an opportunity for forming a correct opinion. See, e.g., *Dept. of Transp. v. McLaughlin,* 163 Ga.App. 1(4), 292 S.E.2d 435 (1982); *Dept. of Transp. v. Great Southern Enterprises,* 137 Ga.App. 710, 712(1), 225 S.E.2d 80 (1976). See generally OCGA § 24-9-66. "The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court." *Dept. of Transp. v. McLaughlin,* supra, 163 Ga.App. at 5, 292 S.E.2d 435.

We hold that the trial court did not abuse its discretion in ruling that Mr. Lancaster was competent to state his opinion of the before and after value of his property. The fact that Lancaster believed his property was worth exactly what it sold for on the open market after the appellant moved out did not operate to deprive his testimony of probative value but was merely a factor to be considered by the jury in weighing his opinion. Accord *Dept. of Transp. v. Lewyn,* supra, 168 Ga.App. at 285, 308 S.E.2d 684. The jurors did not, in any event, accept his assessment of the diminution in the value of his property at face value but adopted their own, much lower assessment, as they were entitled to do. See *Dept. of Transp. v. Driggers,* 150 Ga.App. 270, 271, 257 S.E.2d 294 (1979).

*Iffland*, 176 Ga. App. At 450, 336 S.E.2d at 352. See also, *Jurney v. Ticor Title Insurance Company,* 2012 WL 1073160 (N.D. Georgia, March 29, 2012); *Schoolcraft v. Dekalb County,* 126 Ga. App. 101, 189 S.E.2d 915 (1972) (A non-expert witness who has had an opportunity to form a correct opinion may testify as to his opinion of the market value of the property).

In this portion of its argument FATIC has asked the court to assume the impossibility of admissible testimony from the Defendant on the issue of diminution in value. As shown by the *Iffland* case, the law in Georgia does not support FATIC's position, but, rather, supports the exact opposite position and affirms the owner of a property's right to form an opinion on the value of the property and the diminution in value of the property. Whether the jury accepts that opinion or not is properly in the hands of the jury.

Defendant respectfully requests that FATIC's Motion in Limine be denied.

Respectfully submitted, this 12th day of February, 2018.

DREW ECKL FARNHAM, LLP

*/s/ Paul W. Burke*
Paul W. Burke
Georgia Bar No. 095642

DREW ECKL FARNHAM, LLP
880 W. Peachtree St.
Atlanta, GA 30309
(t) (404) 885-1400
pburke@deflaw.com

## CERTIFICATION OF FONT TYPE AND SIZE

The undersigned counsel hereby certifies that the foregoing has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

Respectfully submitted, this 13th day of February, 2018.

                                                     */s/ Paul W. Burke*
                                                     Paul W. Burke
                                                     Georgia Bar No. 095642

DREW ECKL FARNHAM, LLP
880 W. Peachtree St.
Atlanta, GA 30309
(t) (404) 885-1400
pburke@deflaw.com
*Attorney for Defendant Martin L. Silbiger*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) ) | NO. 1:15-cv-00546TWT |
| MARTIN L. SILBIGER | ) ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2018, I electronically filed Martin L. Silbiger's Defendant/Counter-Plaintiff's Response to Plaintiff's Motion In Limine with the Clerk of Court using the CM/ECF system, which will automatically serve email notification of such filing to the following counsel of record.

This 13th day of February, 2018.

/s/ Paul W. Burke
Paul W. Burke
Georgia Bar No. 095642
pburke@deflaw.com