IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:15-cv-00546TWT |
|  | ) |  |
| MARTIN L. SILBIGER | ) |  |
|  | ) |  |
| Defendant/Counter-Plaintiff | ) |  |

**DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE TO PLAINTIFF'S SECOND MOTION IN LIMINE**

COMES NOW the Defendant/Counter-Plaintiff in the above-styled matter, and files its response to First American Title Insurance Company's (FATIC's) Second Motion in Limine, showing the court as follows:

**Introduction**

FATIC has filed a Second Motion in Limine attempting to prevent the defendant (Dr. Silbiger) from testifying to any damages beyond those costs incurred to remedy the code violation. In support of this argument, FATIC relies on inaccurate and tortured readings of both this Court's ruling on FATIC's Motion for Summary Judgment, as well as the title Policy at issue here. A rational reading of the Court's ruling and the title policy requires a denial of FATIC's second

Motion in Limine.

## **FATIC is making an incorrect expansion of this Court's ruling on FATIC's Motion for Summary Judgment**

FATIC argues in its Motion that this Court's ruling limits the possible damages claimed by Dr. Silbiger to only those costs incurred to correct the construction defect in the collapsed Vault. This is incorrect.

As a brief recap, one of FATIC's arguments against coverage for this loss, was that the collapse occurred after the policy came into being, and as such, was not covered. As this Court summarized,

> FATIC argues that the Collapse is not covered under Covered Risk No. 12 because it did not occur until many years after the Policy was issued. Consequently, the Collapse is a post-policy event that is excluded under the Policy. FATIC's argument, however, confuses the events.

This Court *then* states the language quoted by FATIC in their second Motion in Limine

> The Collapse was not the violation of the Indemnity Agreement, but rather the faulty construction. As stated above, the Vault was not constructed according to the plans that were attached to the Indemnity Agreement and that were attached to the Indemnity Agreement and that were the basis for the approval of the building permit. The risers which were supposed to

allow the manhole covers to reach the surface and to allow access to the Vault for maintenance were never put in.  This violation of the Indemnity Agreement existed well before the Silbigers ever bought the Property, and as a result, the Silbigers were never aware of nor able to fulfill their duties under the Indemnity Agreement.  (Doc 67, pg. 9)

FATIC takes this language from this Court's order completely out of context and tries to make this language into a ruling on the amount of recoverable damages. This issue of the amount of recoverable damages was not raised in FATIC's Motion for Summary Judgment and the Court did not rule on this issue through this language.  To argue that it does, is a tortured and incorrect reading of this Court's Order.

### FATIC's title policy does not support FATIC's interpretation of allowable damages

The portion of the policy that addresses damages is found on page 3, paragraph 6 a. under **LIMITATION OF OUR LIABILITY**.  This paragraph states:

a. After subtracting Your Deductible Amount, if it applies, We will pay no more than the least of:

(1) Your actual loss;

(2) Our Maximum Dollar Limit of Liability then in force for the particular Covered Risk then in force for the particular Covered Risk, for claims covered only under Covered Risk 14, 15, 16 or 18: or

(3) The Policy amount in force;

and any costs, attorney's fees and expenses which We are obligated to pay under this Policy.

(Doc 1-1)

Nowhere in the policy is the term "actual loss" defined. As the Court pointed out in its order in relation to another of FATIC's arguments, "FATIC was the master of the contract and had the ability to choose the language it desired." (Doc. 67, pg. 10) If FATIC wanted to put the kinds of limitations on damages that they are trying to enforce here, they could have (and should have) included such language in the policy. Rather, the Court should interpret the policy and the measurement of damages consistent with clear Georgia law, as argued by Dr. Silbiger in response to FATIC's first Motion in Limine.

Dr. Silbiger respectfully requests that FATIC's second Motion in Limine be denied.

Respectfully submitted, this 13th day of February, 2018.

                                           DREW ECKL FARNHAM, LLP

                                           */s/ Paul W. Burke*
                                           Paul W. Burke
                                           Georgia Bar No. 095642

DREW ECKL FARNHAM, LLP
880 W. Peachtree St.
Atlanta, GA 30309
(t) (404) 885-1400
pburke@deflaw.com

## CERTIFICATION OF FONT TYPE AND SIZE

The undersigned counsel hereby certifies that the foregoing has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

Respectfully submitted, this 13th day of February, 2018.

>*/s/ Paul W. Burke*
> Paul W. Burke
> Georgia Bar No. 095642

DREW ECKL FARNHAM, LLP
880 W. Peachtree St.
Atlanta, GA 30309
(t) (404) 885-1400
pburke@deflaw.com
*Attorney for Defendant Martin L. Silbiger*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) MARTIN L. SILBIGER ) ) Defendant ) | CIVIL ACTION FILE NO. 1:15-cv-00546TWT |

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2018, I electronically filed Martin L. Silbiger's Defendant/Counter-Plaintiff's Response to Plaintiff's Second Motion In Limine with the Clerk of Court using the CM/ECF system, which will automatically serve email notification of such filing to the following counsel of record.

This 13th day of February, 2018.

/s/ Paul W. Burke
Paul W. Burke
Georgia Bar No. 095642
pburke@deflaw.com