IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 1:15-CV-00546-TWT |
| ) | |
| MARTIN L. SILBIGER, ) ) | |
| Defendant. ) | |

**FIRST AMERICAN TITLE INSURANCE COMPANY'S REPLY TO DEFENDANT'S RESPONSE(S) TO FIRST AMERICAN TITLE COMPANY'S MOTION(S) IN LIMINE**

COMES NOW, FIRST AMERICAN TITLE INSURANCE COMPANY ("FATIC" or "First American"), Plaintiff in the above-styled civil action and Defendant in the trial of this case, by and through counsel, and respectfully files this, its reply to Defendant's response(s) [Doc. 104, Doc. 105] to both of First American's Motion(s) in Limine [Doc. 101, Doc. 103] to prohibit the proffer(s) by Martin L. Silbiger ("Dr. Silbiger"), Defendant in the above-styled action and Plaintiff in the trial of this case, of any testimony with respect to (i) the definition of actual loss under an owner's title insurance policy which includes a diminution of value, (ii) his personal opinion as to the value of the Property at issue in this

1

litigation, (iii) any loss of value of the Property at issue in this litigation and/or (iv) testimony for claiming any damages which go beyond the scope of repairs to make the Vault compliant with the Indemnity Agreement. In support, and as grounds therefore, First American respectfully shows this honorable Court the following:

**A.     Dr. Silbiger Cannot Testify as to Diminution in Value.**

While counsel for Dr. Silbiger points to one case to buttress the argument that diminution of value testimony is appropriate in this action, that argument ignores both the limitations placed by the Court on the case and the terms of the title policy in question. It is important to always remember a title insurance policy, a policy of indemnity, is the policy at issue in this case. The caselaw cited by Dr. Silbiger deals with property casualty insurance, a completely different beast. Therefore, Dr. Silbiger's argument is not compelling and the Motions in Limine [Doc. 101, Doc. 103] should be granted.

The caselaw relied upon by Dr. Silbiger is distinguishable. As the Supreme Court of Georgia notes in the Royal decision, relied upon by Dr. Silbiger, "whether damages for diminution of value are recoverable '**depends on the specific language of the contract itself**.'" Royal Capital Development LLC v. Maryland Cas. Co., 728 S.E.2d 234, 238 (Ga. 2012). (Emphasis added).  Further,

the Court applied Royal as to a casualty policy for real property, as opposed to the title indemnification policy at issue here.

Under the ordinary rules of contract construction, the Court must ascertain the intent of the parties by looking to the entire insurance contract. Ryan v. State Farm Mut. Auto Ins. Co., 413 S.E.2d 705, 707 (Ga. 1992). The Court must first consider "the ordinary and legal meaning of the words employed in the contract." Id. While a court must "look to the plain meaning of the words of the contract," a court "should not render any language in a contract as superfluous, and any construction that renders portions of the contract language meaningless should be avoided." Argo v. G-Tec Servs., LLC, 791 S.E.2d 193, 195 (Ga. App. 2016).

In the response, counsel for Dr. Sibliger attempts to ignore and make superfluous the word "actual," which conditions and clarifies the instances of loss covered pursuant to the policy at issue. One who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy and then proving a loss. Inland Rivers Service Corp. v. Hartford Fire Ins. Co., 66 Ohio St.2d 32, 20 O.O.3d 20, 418 N.E.2d 1381 (1981). The word "actual" means something that exists in fact or real. *See* BLACK'S LAW DICTIONARY, 10th ed., 2014. Therefore, based on the language used in the policy, the parties intended for

an insured's loss, caused by matters insured against by the policy, to be a real loss, one based on fact, not speculation or possibility.

Here, the only actual loss(es) Dr. Silbiger may testify to are any actual out of pocket expenses incurred. Given that "actual loss" can only mean, at its purest form, a real loss which has already occurred, there is no legal avenue to permit Dr. Silbiger to present evidence as to diminution in value of the Property at issue in this case. Any other testimony in relation to a diminution of value of the property is based on speculation and conjecture, and clearly beyond the scope of any covered loss under the policy. To permit the same would be prejudicial to First American and will confuse and mislead the jury.

**B.    Any Testimony Regarding Loss of Value is Purely Speculative.**

Under Georgia law, it is well settled that damages "cannot be left to speculation, conjecture and guesswork," and that a party seeking damages has the burden of proof to show the amount of loss which is calculable within a reasonable degree of certainty. Hayes v. Flaum, 287 S.E.2d 512 (Ga. Ct. App. 1976); *see also* Schill v. A.G. Spanos Dev., Inc., 457 S.E.2d 204, 205 (Ga. Ct. App.1995). Further, any "opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has knowledge, experience, or familiarity with the value of the property … or similar property and

he must give reasons for the value assessed." Ingram v. Summerlin, 348 S.E.2d 68, 69 (Ga. Ct. App. 1986).

First American submits that the record in this case contains insufficient evidence for any party to calculate the amount of Dr. Silbiger's alleged loss or damages, albeit speculative, with a reasonable degree of certainty within the meaning of Hayes, *supra*. Rather, the limited evidence in the record shows the purely speculative nature of the damages Dr. Silbiger seeks to extract from First American, and Dr. Silbiger has only identified alleged actual, direct damages for which he attempts to hold First American responsible. The simple fact is Dr. Silbiger is unable to quantify any alleged loss of value damages.

Georgia courts have held that legal causation and damage are essential elements of a plaintiff's claim. *See* Graham Bros.' Constr. Co. v. C. W. Matthews Contracting, 284 S.E.2d 282 (Ga. Ct. App. 1981). Remote or speculative damage, such as that averred and sought here, affords no basis for recovery in contract or tort. O.C.G.A. §§ 13-6-8, 51-12-8, 51-12-9. "The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to the cause, rather than uncertainty as to the measure or extent of the damages." Hixson-Hopkins Autoplex, Inc. v. Custom Coaches, 432 S.E.2d 224, 225 (Ga. Ct. App. 1993). Thus, "the losses must be directly traceable to the acts of the other

party." Id.  Here, as in Hixson, Dr. Silbiger is unable to show that First American's actions or omissions caused the alleged damage.

Further, there is insufficient evidence here to allow for the formulation of damages. Silco, Inc. v. Gwinnett County Hospital Auth., 260 S.E.2d 758 (Ga. Ct. App. 1979) (Directed verdict in favor of the defendant where damages had not been established with reasonable certainty). Where, as here, "a party makes a claim for a monetary sum, it is incumbent upon him to present evidence showing the amount of loss in a manner in which a jury can calculate the amount of loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork." Lingo v. Kirby, 236 S.E.2d 26 (Ga. Ct. App. 1977)

**C.  Any Testimony as to Diminution of Value Would be Irrelevant, as Diminution of Rental Value is the Standard Under Georgia Law.**

It is undisputed by both parties that the Indemnity Agreement was of record and therefore provided Dr. Silbiger actual and/or constructive notice of the retention Vault at the time of purchase which burdened the acquired Property. *See* Opinion and Order [Doc. 67], p. 2. As this Court stated, "[t]he Collapse was not the violation of the Indemnity Agreement, but rather the faulty construction… This violation of the Indemnity Agreement existed well before the Silbigers ever bought the Property." Id., p. 9.

Georgia courts have long held that "[t]he appropriate measure for damages for a permanent injury to property" for the wrongful acts of a defendant is diminution in market value. Price v. Georgia Indus. Realty Co., 207 S.E.2d 556, 559 (Ga. Ct. App. 1974), *citing* Hodges v. Pine Product Co., 135 Ga. 134, 88 S.E. 1107, 1109 (1910). **However**, "if the injury were only temporary or abatable the measure would be diminution in rental value." Id. (Emphasis supplied).

Here, as previously held by this Court, the faulty construction was the cause of the Collapse and existed prior to Dr. Silbiger or FATIC's involvement with the property at issue. The faulty condition, due to no fault of First American, arose at the time of development of the six-lot tract. The retention vault was not an unknown burden to Dr. Silbiger or the Property interest; instead, the faulty condition of the retention vault, apparently constructed without complying with the recorded Indemnity Agreement, was the only unknown burden to the Property. The only change to the property at issue upon remedying the faulty construction condition of the retention vault will be that Dr. Silbiger will now possess a property which conforms with the recorded Indemnity Agreement.

Accordingly, once the faulty construction of the retention vault is abated, Dr. Silbiger would only be permitted to recover for any temporary diminution of rental value that he may be able to sufficiently establish at trial. Any testimony of any

alleged diminution of the Property beyond diminution of rental value of the Property would be irrelevant and prejudicial.

Based on the lack of competent evidence of damages in this action, First American submits that this Court must conclude that Dr. Silbiger has presented "no facts upon which to speculate either that a loss occurred or, if so, what its extent might be; therefore, the mere breach without monetary proof is *injuria absque damno*". Silco, *supra*. Any testimony proffered by Dr. Silbiger at trial would be purely speculative and should be prohibited.

Respectfully submitted this 16th day of February, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
monica.gilroy@gilroyfirm.com
Georgia Bar No. 420527
KELSEA L. S. LAUN
kelsea.laun@gilroyfirm.com
Georgia Bar No. 141960
**Attorneys for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax:  (678) 280-1923

## **FONT CERTIFICATION**

The undersigned counsel for Plaintiff First American Title Insurance Company certifies that the within and foregoing Reply to Defendant's Response(s) to Motion(s) in Limine was prepared using Times New Roman 14-point font in accordance with LR 5.1C (N.D. Ga.).

This 16th day of February, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
Georgia Bar No. 427520
**Attorney for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel: (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY,  ) ) ) | |
| Plaintiff,  ) ) | CIVIL ACTION FILE |
| v.  ) ) | NO. 1:15-CV-00546-TWT |
| MARTIN L. SILBIGER,  ) ) | |
| Defendant.  ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with LR 5.1A (N.D. Ga.), I have this date electronically filed the within and foregoing **REPLY TO DEFENDANT'S RESPONSE(S) TO MOTION(S) IN LIMINE** in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

>Paul W. Burke, Esq.
>BurkeP@deflaw.com
>DREW ECKL FARNHAM
>235 Peachtree Street NE
>Suite 1900
>Atlanta, Georgia 30303
>   *Counsel for Defendant Martin L. Silbiger*

This 16th day of February, 2018.

                                            /s/ Monica K. Gilroy
                                            MONICA K. GILROY
                                            Georgia Bar No. 427520
                                            **Attorney for First American Title Insurance Company**

**THE GILROY FIRM**
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com